# DICTAMEN.

## EL PUEBLO DE PUERTO RICO, APELADO *v.* JAMES E. KENT, APELANTE.

Recurso de apelación interpuesto contra sentencia dictada por la Corte de Distrito de San Juan.

No. 46.—Resuelto en 31 de marzo de 1906.

### DICTAMEN CONCURRENTE DEL JUEZ SR. WOLF.

NOTA.—Esta opinión concurrente del Juez Asociado, Sr. Wolf, en la causa arriba citada, fué omitida en la relación del caso y opinión del tribunal, que aparecen en el tomo 10 de las ''Decisiones de Puerto Rico,'' página 343.

Convengo con la mayoría del tribunal en sostener que debe confirmarse la sentencia dictada por la Corte de Distrito de San Juan y estoy de acuerdo con la mayor parte del razonamiento contenido en el dictamen de dicha mayoría.

Una de las principales cuestiones envueltas en este caso, era si los autos demostraban que la confesión se había hecho voluntariamente. Los hechos que rodeaban dicha confesión, han sido completamente expuestos por el tribunal; y yo creo que había suficientes pruebas tendentes á demostrar que la referida confesión fué voluntaria. La cuestión con respecto al carácter voluntario de la confesión, fué investigada por la corte inferior, después de un examen preliminar de los testigos presentados por el fiscal, y del acusado; y dicho tribunal resolvió admitir la confesión como prueba. Subsiguientemente, y á petición del letrado defensor del acusado, la corte permitió al testigo Dexter, y al acusado, declarar con respecto á la confesión. De este modo el jurado adquirió la facultad de rechazar la confesión, por no ser un acto voluntario del acusado. El letrado defensor no pidió instrucciones con respecto á este punto, y no se dieron al jurado instrucciones específicas.

407

Aún cuando el letrado defensor hubiera solicitado instrucciones en el sentido de que el jurado debía rechazar la confesión, si en virtud de todas las pruebas estaba convencido de que dicha confesión no fué un acto voluntario del acusado, y la corte se hubiera negado á dar tales instrucciones, no creo que semejante negativa hubiera sido un error, porque yo entiendo que los autos y las instrucciones demuestran que la corte por sí misma había resuelto esa cuestión. Pero, no se solicitaron instrucciones específicas y no se tomó excepción contra las instrucciones dadas al jurado por el tribunal. La ley de 30 de marzo de 1904, dice:

"Siempre que resultare de los autos, en alguna causa criminal apelada á la Corte Suprema, que cualquier requisito legal haya sido desatendido por el tribunal sentenciador, no se anulará la sentencia á menos que el error que de los autos resultare, tendiere á perjudicar los derechos de cualquiera de las partes, y se hubiere interpuesto la debida excepción en el tribunal sentenciador; disponiéndose, sin embargo, que el tribunal de apelación podrá conocer de errores fundamentales que aparecieren en los autos, aún cuando no se hubiere interpuesto objeción á ellos, y fallar sobre los mismos con arreglo al derecho que de los hechos se desprendiere."

En virtud de las circunstancias del presente caso y considerando especialmente el hecho de que las declaraciones de Dexter y del acusado, fueron sometidas al jurado á petición del letrado defensor del acusado, la falta de instrucciones especiales con respecto á la confesión, no podía en ningún caso considerarse como un error fundamental. La cuestión esencial con respecto á la admisibilidad de la confesión fué resuelta por el juez que conoció de la causa, y yo no encuentro que su proceder constituyera un error.

En cuanto á los demás errores que se han alegado, estoy de acuerdo con la conclusión de la opinión de la mayoría del tribunal, y, por lo tanto, estoy conforme con la sentencia.